IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| **Leviton Manufacturing Company, Inc.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no. 3:05-cv-123-J-33MCR |
| ) | |
| **Interline Brands, Inc.,** ) | |
| d/b/a Florida Lighting, AF Lighting, ) | |
| Sunstar Lighting, All Fit, and GX Electric ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTERLINE'S BRIEF IN RESPONSE TO
## LEVITON'S MOTION TO FILE A SUR-REPLY

Leviton Manufacturing Company, Inc. ("Leviton") seeks not only to file a sur-reply, but also asks for permission to depose a third party, Mr. Wusheng Chen, a resident of the People's Republic of China. While Leviton claims that "no party will be unfairly prejudiced" by the motion and the "administration of justice will not be unduly impeded," Motion to File Sur-Reply ¶ 7, Interline begs to differ.

By his order of April 17, 2006, Judge Corrigan required Leviton to include "documented factual assertions" in its brief opposing a stay on May 26. Order ¶ 5. When Judge Corrigan set the briefing schedule, Leviton did not indicate any need a for third-party deposition in China, a request which surely would have been denied. Leviton is trying to make an end run around the stay by requesting a deposition of the president of Interline's supplier, Zhejiang Dongzheng Electrical Co. ("Dongzheng"). Forcing Interline to litigate issues relating to Dongzheng is exactly the type of duplication of effort that the stay motion seeks to avoid.

12405464.6

In its responsive brief to the stay motion, Leviton argued that Dongzheng was some sort of phantom company which would disappear, but Leviton failed to document its assertions with any evidence. Interline addressed this new issue in its reply brief by asserting that (1) the issue is irrelevant to the stay motion, which is grounded firmly in the law on customer and manufacturer actions; (2) Leviton violated Judge Corrigan's order to support any assertions of fact with evidence, and the allegation should be ignored as a result; and (3) the objective facts, such as Dongzheng's dogged litigation with Leviton in New Mexico, indicate that Dongzheng is not a phantom company. In keeping with Judge Corrigan's order to support every factual assertion with evidence, Interline obtained the declaration from Mr. Chen.

Now Leviton, having previously failed to comply with the Court's order to document its own assertions of fact, seeks to go back and do so by deposing a resident of the People's Republic of China. Interline has no ability to compel Mr. Chen's attendance at a deposition and should not be put to the burden of engaging in international depositions and discovery practice as the price for having the Court consider its stay motion. Leviton's motion proposes an indefinite delay, which Leviton itself characterizes as "lengthy" and "extended." Motion to File Sur-Reply ¶ 5. That delay, pending letters rogatory being enforced in the People's Republic of China and extensive motion practice in New Mexico regarding a protective order there, will likely last until the New Mexico case is resolved. Ironically, that is exactly the relief that Interline seeks in its motion for a stay.

Leviton lost the recent *Markman* decision in New Mexico, and consequently Dongzheng has already moved for a summary judgment of non-infringement, involving one of the two patents and all the same products at issue here. The *Markman* hearing in New Mexico on the remaining patent at issue here is scheduled for the fall. It makes far more sense to stay

12405464.6

this case and await the resolution of the New Mexico litigation.

At the end of the day, Leviton's motion for a sur-reply and Chinese discovery is a sideshow. The parties agreed last year that it made sense to stay this litigation in deference to the New Mexico action, and the only real point in dispute is whether Leviton can impose conditions upon this Court's authority to issue a stay. Leviton insists that Interline be bound to any consent judgment or default judgment that might issue in New Mexico, even if such a judgment would prejudice Interline through collusion. It is these questions on which the parties need the Court's guidance, and deferring a decision until after a deposition can be taken in China is unnecessary, inefficient, and inevitably will embroil the Court and Interline in yet more satellite litigation.

Dated: July 7, 2006

Respectfully submitted,

By:   s/Bryan S. Gowdy
David M. Wells
Florida Bar No. 0309291
Bryan S. Gowdy
Florida Bar No. 0176631
McGuireWoods LLP
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
(904) 798-2693

Martin J. Black
Robert W. Ashbrook Jr.
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-2104

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following on July 7, 2006:

**VIA ECF FILING**

I. William Spivey, II, Esquire
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

**VIA U.S. MAIL**

Paul J. Sutton, Esquire
Barry G. Magidoff, Esquire
Joseph M. Manak, Esquire
Brad S. Needleman, Esquire
Joseph G. Lee, Esquire
Deepro J. Mukerjee, Esquire
Greenberg Traurig, LLP
MetLife Building, 200 Park Avenue
New York, New York 10166.

                                              s/Bryan S. Gowdy
                                                  ATTORNEY