UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEVITON MANUFACTURING CO., INC.,

    Plaintiff,

vs.                                                    3:05-cv-123-J-33MCR

INTERLINE BRANDS INC.,

    Defendant.
_____

**ORDER**

This matter comes before the Court pursuant to the Renewed Motion to Stay Proceedings (Doc. #73) filed by Interline on May 5, 2006, and the Motion to File Sur-reply (Doc. #84) filed by Leviton on June 20, 2006.  Leviton filed a response to the motion to stay (Doc. #80-1) on June 5, 2006.[1]  On June 16, 2006, Interline filed a reply to the response (Doc. #83).  On July 7, 2006, Interline filed a response (Doc. #85) to the motion to file a sur-reply.  For the reasons stated below, the Court grants the motion to stay and denies the motion to file a sur-reply.

**I. Facts**

Leviton owns two patents on ground fault circuit interrupter ("GFCI") outlets, 6,426,558 ('558 patent) and 6,864,766 ('766 patent). (Doc. #74-1 at 2.)  Interline purchases GFCI outlets from Dongzheng, a GFCI outlet manufacturer, and resells them. (Id.)

---

[1] Leviton, in its response, requests oral argument on this matter. (Doc. #80-1 at 12.)  The Court denies that request.

Dongzheng is not a party to this suit, but is a defendant in two pending suits in New Mexico filed by Leviton, Leviton Mfg. Co., Inc. v. Nicor, Inc., et al., Civil Action No. 04-cv-0424 ("Dongzheng I") and Leviton Mfg. Co., Inc. v. Zhejiang Dongzheng Elec. Co., Ltd., et al., Civil Action No. 05-cv-0301 ("Dongzheng II"). (Doc. #73-1 at 1.)  The two New Mexico suits allege infringement of the same two patents at issue in this case.

Interline argues that this litigation is duplicative, as the same issues are being decided in New Mexico. Further, Interline identifies that the New Mexico actions, especially Dongzheng I, are far more advanced in the litigation.  Interline also notes that Dongzheng manufactures the alleged infringing products, and, in the patent context, manufacturer suits are preferred to customer suits. Finally, Interline argues that, pursuant to the first filed rule, this case should be stayed in deference to the New Mexico litigations.  On these arguments, Interline seeks a stay of this case without condition.  In the alternative, Interline requests that the Court condition a stay upon Interline's stipulation to be bound by a merits resolution, either at trial or by summary judgment, of the New Mexico cases.

In response, Leviton argues that rare circumstances exist. Namely, Leviton argues that it is possible that Dongzheng will abscond prior to the conclusion of litigation, and Leviton will be unable to collect on a judgment.  Leviton submits that these

2

circumstances create an exception to the first filed rule. Moreover, Leviton argues that, under Federal Circuit precedent, for the customer suit exception to apply, the defendant must agree to be bound by the outcome of the manufacturer action, including default judgment. In addition, Leviton characterizes Interline as a real party in interest. The Court addresses these arguments in turn.

**II. Discussion**

In <u>I.A. Durbin, Inc., v. Jefferson Nat'l Bank</u>, 793 F.2d 1541 (11th Cir. 1986), the Eleventh Circuit provided the following principles to consider in deciding the propriety of a stay:

> It is well established that "as between federal district courts, . . . the general principle is to avoid duplicative litigation." This doctrine "rest[s] on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.

<u>Id.</u> at 1551-1552 (citations omitted).

On these principles, the Court finds that, here, a stay is warranted. There is no dispute that the same two patents, subject of this suit, are also being litigated in New Mexico. Further, the New Mexico cases are far more advanced than the present litigation. For instance, in one of the two pending New Mexico litigations, a

Markman hearing has already been held and ruled on. (Doc. #83-1 at 2.) Further, based on this Markman hearing, Dongzheng has moved for a summary judgment of non-infringement. (Doc. #85 at 2.)

Moreover, if the New Mexico litigation results in a finding of non-infringement, that decision's collateral estoppel effect may very well be dispositive with respect to the present case. Simply put, the New Mexico litigation mirrors the present litigation, with the exception that the New Mexico litigation is far more advanced. If the Court were to deny the stay, essentially the same issues would be tried in New Mexico and this Court. As such, a stay would preserve judicial resources, prevent duplicative expenses, and prevent the possibility of inconsistent judgments.

The Court also recognizes the first filed rule and the customer suit exception to the first filed rule. Pursuant to the first filed rule, when similar cases are filed, while not mechanical, preference is given, either in the form of stays, transfers, or injunctions, to the suit filed first in time. Am. Household Prods., Inc. v. Evans Mfg., Inc., 139 F. Supp. 1235, 1239-40 (N.D. Ala. 2001)(citing Genetech, Inc v. Eli Lilly & Co., 998 F.2d 931, 937-38 (Fed. Cir. 1993); Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989))("the general rule is that the first filed action is given preference."); see also Donald S. Chisum, 8 Chisum on Patents § 21.02[4].

Based on the preference of manufacturer suits over customer

suits, a customer suit exception to the first filed rule has developed.  Under this exception, even though a customer of the manufacturer of the alleged infringing product is sued first, the later filed manufacturer suit is given preference.  Gluckin v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969); Chisum, supra at § 21.02[4][b]("[a] second-filed action may be given priority if the first action involves secondary parties, such as a customer of the accused manufacturer, and the second action involves the primary parties to the patent dispute.").  The rationale behind the exception is that "'the manufacturer is the true defendant in the customer suit . . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'"  Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990)(quoting Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737-38 (1st Cir. 1977)).

Here, Leviton filed Dongzheng I well before the present suit, thus, the Court need not resort to the customer suit exception. Rather, the Court simply follows the precepts of the first filed rule.  As to Dongzheng II, Interline urges the Court to also apply the first filed rule.  So arguing, Interline points out that Leviton amended its complaint in this case, to include a claim for infringement of the '766 patent, on May 10, 2005, after Dongzheng

5

II was filed, on March 18, 2005 (Doc. #30-1 at 5). However, pursuant to Federal Rule of Civil Procedure 15(c) the amended complaint relates back to the date the original complaint was filed, February 4, 2005. Chisum, supra at § 21.02 [4][b]("[t]he priority rule relates to the date of the filing of the action between the parties, not the date when the issues were added by amendment to the pleadings or otherwise."). Thus, the pertinent filing date is February 4, 2005. With the applicable filing dates established, it is clear that this action was filed before Dongzheng II. As such, the first filed rule is inapplicable. However, as Interline is a Dongzheng customer, the customer suit exception to the first filed rule applies.[2]

Leviton argues that to invoke the customer suit exception, the defendant customer must agree to be bound by the outcome of the manufacturer suit, including a default judgment. The Court disagrees, finding Katz informative. In Katz, plaintiff filed a suit against Lear Siegler for patent infringement of certain guns. Katz, 909 F.2d at 1460. Smith & Wesson, a Lear Siegler subsidiary, was joined as a co-defendant. Id. at 1461. After being joined, Smith & Wesson moved the trial court to enjoin a pending suit that the plaintiff had brought against a gun dealer, a Smith & Wesson

---

[2] Leviton attempts to portray Interline as something more than a customer. The Court is unpersuaded by these attempts. Even if the Court accepted Leviton's characterizations, considering all the factors, the balance still tips in favor of a stay.

6

customer who purchased the alleged infringing guns. Id.  Pursuant to the customer suit exception, the Katz trial court enjoined the Katz plaintiff from prosecuting the dealer suit. Id.  The Katz plaintiff appealed.  On appeal, the appellant, citing Kahn, argued that the injunction was improper because the dealer had not agreed to be bound by the result of the manufacturer suit. Id. at 1464. The Katz court rejected this argument finding that "[a]lthough there may be additional issues involving the defendants in the [dealer] action, their prosecution will be advanced if [plaintiff] is successful on the major premises being litigated in [Katz], and may well be mooted if [plaintiff] is unsuccessful." Id.  The same reasoning applies to the present case.  As such, in addition to the overlying stay standard, noted above, the canons of the first filed rule and customer suit exception militate in favor of a stay, without condition.

Moreover, the Court finds Leviton's arguments that rare circumstances warrant against application of the first filed rule unpersuasive.  As noted, Leviton points to the possibility that Dongzheng will abscond, and Leviton will be unable to collect on a judgment.  Arguing that this constitutes a rare circumstance, Leviton points to Codex. (Doc. #31-1 at 8).  Specifically, Leviton identifies a footnote that provides in relevant part that "[t]here may be situations due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in

7

proceeding against a customer himself, rather than solely as a shadow of the manufacturer, and therefore less weight should be given to the manufacturer's forum." Codex, 553 F.2d at 738 n. 6. The Court finds it inappropriate to read the referenced footnote to cover these facts.  Significantly, the possibility that Dongzheng may abscond does not outweigh the factors favoring a stay. Further, buttressing the connection between HML Yeunqing Huameli Electric Ltd. ("HML")[3] and Dongzheng, one of the main reasons Leviton requests leave to file a sur-reply, will not alter the Court's analysis.  As such, the motion for leave to file a sur-reply is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1.   The Renewed Motion to Stay Proceedings (Doc. #73) is **GRANTED**.  The Motion to File a Sur-reply (Doc. #84) is **DENIED**.

2.   This matter is stayed pending final judgments being rendered in the United States District Court of New Mexico in both:

> Leviton Mfg. Co., Inc. v. Nicor, Inc., et al., Civil Action No. 04-cv-0424; and
>
> Leviton Mfg. Co., Inc. v. Zhejiang Dongzheng Elec. Co., Ltd., et al., Civil Action No. 05-cv-0301

---

[3] Leviton argues that HML is a predecessor in interest to Dongzheng. (Doc. #84 at 2.)  Leviton identifies that Leviton sued HML for patent infringement, and, before the conclusion of the case, HML disappeared, leading to an imminent entry of default judgment. (Doc. #80-1 at 8.)  So identifying, Leviton argues that, like HML, Dongzheng is likely to abscond.

Leviton shall promptly notify this Court and Interline when both such final judgments have been rendered.

**DONE** and **ORDERED** at Jacksonville, Florida, this <u>30th</u> day of August, 2006.

                                        VIRGINIA M. HERNANDEZ COVINGTON
                                        UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record